```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF TENNESSEE
                    WESTERN DIVISION
```
_____

```
DOUGLAS BRUCE,                  )
                                )
     Plaintiff,                 )
                                )
v.                              )   No. 23-cv-2253-MSN-tmp
                                )
CITY OF MEMPHIS, TENNESSEE,     )
                                )
     Defendant.                 )
                                )
```
_____

## REPORT AND RECOMMENDATION
_____

Before the court is defendant City of Memphis's (the "City") Motion for Judgment on the Pleadings, or, in the Alternative, Motion for Summary Judgment, filed on October 25, 2023. (ECF No. 21.) Plaintiff Douglas Bruce filed his response in opposition on December 8, 2023. (ECF No. 27.) Bruce's counsel withdrew from representation on November 26, 2024, and Bruce is now proceeding *pro se*. (ECF Nos. 33, 35.) On December 18, 2024, the matter was referred to the undersigned by the presiding district judge pursuant to 28 U.S.C. §§ 636-639 for management of all pretrial matters for determination or report and recommendation, as necessary. (ECF No. 36.) For the reasons below, the undersigned recommends that the motion be granted.

## I.  PROPOSED FINDINGS OF FACT

**A.  Background**

In April 2013, Bruce purchased the property in dispute (the "Property"), a residential duplex at 1367 Chadwick Circle, Memphis, Tennessee 38114, by warranty deed recorded with the Shelby County Register of Deeds. (ECF Nos. 21-3 at PageID 93; 21-4.) In 2016, the City began notifying Bruce of housing code violations on the Property.[1] (ECF No. 21-5.)

Starting in March 2019, the City began condemnation proceedings on the Property. (ECF Nos. 21-3 at PageID 94; 21-7.) Between March and May 2019, the City notified Bruce by mail (as well as by posting notice on the Property and by recording with the Shelby County Register of Deeds) on several occasions about the condemnation proceedings and that the structure on the Property was subject to demolition. (ECF Nos. 21-3 at PageID 94-97; 21-10; 21-11; 21-12; 21-14; 21-18.) Notice was sent to Bruce at two addresses of record: 4545 Iron Horse Trail, Colorado Springs, Colorado 80917, and P.O. Box 26018, Colorado Springs, Colorado 80936. (ECF No. 21-3 at PageID 94-97.) On at least three occasions, the City sent notice by certified mail to Bruce's P.O. Box, including an April 2, 2019 Notice of

---

[1] Notice was addressed to Bruce at P.O. Box 26018, Colorado Springs, Colorado 80936-6018. (ECF No. 21-5.) In his declaration, Bruce states that he does not recall receiving this notice. (ECF No. 27-2 at PageID 229.)

Condemnation hearing, an April 25, 2019 Order of Condemnation, and a May 15, 2019 Notice of Intent to Demolish. (ECF Nos. 21-12, 21-14, 21-18.) Bruce signed for each of these letters. (Id.)

Of particular importance, the April 2 letter informed Bruce that a condemnation hearing would be held on April 25, 2019. (ECF No. 21-12.) He signed for that letter on April 9, 2019. (Id.) An Order of Condemnation was entered following that proceeding, ordering Bruce to demolish the structure on the Property within fourteen days. (ECF No. 21-14.) The Order notified Bruce that if he failed to act, the City would demolish the structure and expenses would be charged against the Property. (Id.) He signed for that letter on April 29, 2019.[2] (Id.) Bruce did not appeal the Order of Condemnation or the subsequent Notice of Intent to Demolish sent on May 15. (ECF No. 21-3 at PageID 96-97.)

On August 16, 2019, the City received a demolition permit, and the structure was demolished on September 20, 2019.[3] (Id. at PageID 97-98; ECF Nos. 21-21, 21-22.) The demolition costs were assessed against the Property. (ECF Nos. 21-3 at PageID 98; 21-23.) Bruce concedes that he has never visited the Property. (ECF No. 27-2.)

---

[2]The City also recorded the Order with the Shelby County Register of Deeds. (ECF No. 21-15.)

[3]Bruce disputes receiving actual notice that the Property was demolished. (ECF No. 27-2 at PageID 230.)

**B.   Procedural History**

On April 27, 2023, Bruce filed this complaint for violations of the Fifth, Eighth, and Fourteenth Amendments under 42 U.S.C. § 1983. (ECF No. 1.) He alleges that the City deprived him of property, violated his procedural and substantive due process rights, and assessed excessive fines against him by demolishing the structure on the Property. (Id.)

The City filed the instant motion under Federal Rules of Civil Procedure 12(c) and 56 on October 25, 2023. (ECF No. 21.) The City argues that Bruce's claims are time-barred by the one-year statute of limitations applicable to § 1983 claims in Tennessee.[4] (ECF No. 21-1 at PageID 76-78.) According to the City, the accrual date for Bruce's action is April 29, 2019, the date he signed for the Order of Condemnation sent to his P.O. Box by certified mail. (Id. at PageID 77.) In support of its motion, the City attached its Statement of Undisputed Material Facts, the affidavit of its employee Debra Hardaway,[5] and twenty different documents related to the condemnation process. (ECF Nos. 21-2, 21-3, 21-4, 21-5, 21-6, 21-7, 21-8, 21-9, 21-10, 21-

---

[4]The City also argues that Bruce's claims fail on the merits and that Bruce has not adequately alleged municipal liability under Monell v. Department of Social Services, 436 U.S. 658 (1978). (ECF No. 21-1 at PageID 80-84.)

[5]Hardaway works as an Operations Manager in the City's Division of Public Works, Department of Neighborhood Improvement and Code Enforcement. (ECF No. 21-3.)

11, 21-12, 21-13, 21-14, 21-15, 21-16, 21-17, 21-18, 21-19, 21-20, 21-21, 21-22, 21-23.)

Bruce filed his response in opposition on December 8, 2023. (ECF No. 27.) He argues that the demolition of the structure on the Property determines the accrual date, but that the City has not shown that he received notice of the demolition. (Id. at PageID 205-06.) Alternatively, Bruce challenges the application of Tennessee law to determine the statute of limitations for § 1983 claims, arguing that the court should adopt a uniform standard.[6] (Id. at PageID 206.) In support, Bruce attached a Response to Statement of Undisputed Material Facts and a sworn declaration. (ECF Nos. 27-1, 27-2.)

On December 12, 2023, the City filed its reply. (ECF No. 28.) The City reiterates its argument that Bruce's claims are time-barred, arguing that Bruce does not dispute he received notice of the condemnation proceedings. (Id. at PageID 232-33.)

## II.   PROPOSED CONCLUSIONS OF LAW

**A. Legal Standard**

1. Judgment on the Pleadings

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."

---

[6] Bruce acknowledges that "the [c]ourt may feel constrained by existing law," and states that he makes this argument "for purposes of preservation on appeal." (ECF No. 27 at PageID 206 n.1.) He does not suggest what the limitations period should be.

Fed. R. Civ. P. 12(c). "The standard of review for a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is the same as the standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." Rose v. Cent. USA Wireless, LLC, No. 17-cv-2673-SHM-tmp, 2018 WL 2656767, at *3 (W.D. Tenn. June 4, 2018) (citing Monroe Retail, Inc. v. RBS Citizens, N.A., 589 F.3d 274, 279 (6th Cir. 2009)). However, "[a]ssessment of the facial sufficiency of the complaint must ordinarily be undertaken without resort to matters outside the pleadings." Gavitt v. Born, 835 F.3d 623, 640 (6th Cir. 2016) (citing Wysocki v. Int'l Bus. Mach. Corp., 607 F.3d 1102, 1104 (6th Cir. 2010)). "If a court does consider material outside the pleadings, the motion to dismiss must be treated as a motion for summary judgment under Rule 56 and all parties must be given a reasonable opportunity to present all material pertinent to the motion." Id. (citing Wysocki, 607 F.3d at 1104); see also Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). "However, a court may consider exhibits attached to the complaint, public records, items appearing in the record of the case, and exhibits attached to defendant's motion to dismiss, so long as they are referred to in the complaint and are central to the claims contained

therein, without converting the motion to one for summary judgment." Gavitt, 835 F.3d at 640 (citing Kreipke v. Wayne State Univ., 807 F.3d 768, 774 (6th Cir. 2015); Bassett v. NCAA, 528 F.3d 426, 430 (6th Cir. 2008)).

2. Summary Judgment

Pursuant to Rule 56(a), "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The moving party bears the initial burden to "demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." Goins v. Clorox Co., 926 F.2d 559, 561 (6th Cir. 1991). Rule 56(c) provides that a party must support an assertion of fact by citing to materials in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions,

interrogatory answers or other materials[,]" or a party must show "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A)-(B).

When analyzing a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party. Huckaby v. Priest, 636 F.3d 211, 216 (6th Cir. 2011) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). In doing so, the court may not make credibility determinations or weigh the evidence. Jordan v. Kohl's Dep't Stores, Inc., 490 F. App'x 738, 741 (6th Cir. 2012) (citing Anderson, 477 U.S. at 255). Rather, it must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Block v. Meharry Med. Coll., 723 F. App'x 273, 277 (6th Cir. 2018) (quoting Anderson, 477 U.S. at 251-52).

**B.   Bruce's Complaint is Time-Barred**

As an initial matter, because the undersigned considers materials outside the complaint, the undersigned will analyze the City's Motion under the summary judgment standard.

Because all of Bruce's claims are brought under § 1983, the City argues that his complaint is barred by the one-year statute

of limitations. "The statute of limitations applicable to a § 1983 action is the state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claim arises." Eidson v. Tenn. Dep't of Children's Servs., 510 F.3d 631, 634 (6th Cir. 2007) (citing Kuhnle Bros., Inc. v. Cnty. of Geauga, 103 F.3d 516, 519 (6th Cir. 1997)). Tennessee applies a one-year limitations period. Tenn. Code Ann. § 28-3-104(a); see also Eidson, 510 F.3d at 634. However, "[w]hen a cause of action under [§] 1983 accrues presents 'a question of federal law that is *not* resolved by reference to state law.'" Bruce v. City of Mansfield, No. 1:23-CV-00373, 2025 WL 524304, at *4 (N.D. Ohio Feb. 18, 2025) (citing Wallace v. Kato, 549 U.S. 384, 388 (2007)). "Ordinarily, the limitation period starts to run when the plaintiff knows or has reason to know of the injury which is the basis of [their] action." Eidson, 510 F.3d at 635 (citing Kuhnle Bros., 103 F.3d at 520). "[I]n determining when the cause of action accrues in [§] 1983 actions, we have looked to what event should have alerted the typical lay person to protect [their] rights." Id. (quoting Kunle Bros., 103 F.3d at 520) (first alteration in original); see also Johnson v. Memphis Light Gas & Water Div., 777 F.3d 838, 843 (6th Cir. 2015) ("A plaintiff has reason to know of [their] injury when [they] should have discovered it through the

- 9 -

exercise of reasonable diligence." (quoting Roberson v. Tennessee, 399 F.3d 792, 794 (6th Cir. 2005))).

Bruce filed his complaint on April 27, 2023. (ECF No. 1.) Thus, Bruce's complaint is time-barred unless he discovered or had reason to know of his injury on or after April 27, 2022. See Gardner v. Saint Thomas Midtown Hosp., 674 S.W.3d 834, 839 (Tenn. 2023) ("The one-year statute of limitations applicable to Saint Thomas began to run on May 8, 2016, when Gardner allegedly was injured, and ended on May 8, 2017." (citing Tenn. Code. Ann. 29-26-116(a)(1))).[7] The City argues that Bruce should have become aware of his injury by April 29, 2019, when he signed for the letter informing him of the Order of Condemnation. (ECF No. 21-1 at PageID 77.) Bruce concedes that all of his claims are premised on the September 20, 2019 demolition, but he argues that the City has not shown that he received actual notice of this event. (ECF No. 27 at PageID 205-06.) Bruce also states that he never visited the Property. (ECF No. 27-2 at PageID 230.)

The statute of limitations on Bruce's claims "began to run when [Bruce] knew or *should have discovered, through the exercise of reasonable diligence,* that his property had been demolished." Jacks v. City of Youngstown, No. 4:19-CV-2689, 2021

---

[7] Tenn. Code Ann. § 29-26-116(a)(1) specifically incorporates § 28-3-104.

WL 3288572, at *7 (N.D. Ohio Aug. 2, 2021) (citing Scott v. Ambani, 577 F.3d 642, 646 (6th Cir. 2009)). The undersigned need not resolve the exact date on which Bruce's claims began to accrue because no reasonable jury could find that Bruce lacked actual or constructive knowledge of his injury between the demolition on September 20, 2019, and the April 27, 2022 limitations date. Bruce received notice by certified mail on at least three occasions that the Property was at risk of being condemned and the structure being demolished—facts he does not dispute. (ECF Nos. 21-3 at PageID 95-97; 21-12; 21-14; 21-18; 27-1.) Given these notices, it is patently unreasonable that a property owner exercising reasonable diligence would go more than two and a half years without checking on his property. See Jacks, 2021 WL 3288572, at *7 (finding that it was not reasonable for a property owner to go more than two years without knowing their property had been demolished). "Knocking down a house is not a latent or surreptitious action." Bruce v. City of Maple Heights, No. 1:23-CV-371, 2024 WL 2294779, at *7 (N.D. Ohio May 21, 2024). "Demolition of a house is open, noisy, and its effects are plain for the eye to see." Id. Accordingly, the undersigned finds that there is no genuine issue of material fact that Bruce "knew or should have discovered, through the exercise of reasonable diligence, that his property had been

- 11 -

demolished more than [one year] before he filed his complaint in this court." Jacks, 2021 WL 3288572, at *7

This ruling is consistent with other cases filed by Bruce within the Sixth Circuit, all involving nearly identical allegations, in which courts have found that had Bruce exercised reasonable diligence, he would have discovered that his properties had been demolished. See, e.g., City of Mansfield, 2025 WL 524304, at *5 ("Even if Plaintiff did not have actual notice in June 2017 when the City sent notice to Mr. Bruce at his post office box in Colorado, he should have discovered the facts giving rise to his claim more than two years before he filed suit on February 24, 2023."); Bruce v. City of Zanesville, No. 2:23-CV-773, 2024 WL 2892571, at *3 (S.D. Ohio June 10, 2024) ("A reasonable property owner would have known that his property had been demolished well before February 2021, particularly when the owner had received multiple letters notifying him that the City would demolish the Structure if he did not address the Code violations."); City of Maple Heights, 2024 WL 2294779, at *7 ("By October 2015, when the demolition occurred, Plaintiff was on notice that the City had taken or injured his Property."); Bruce v. City of Cincinnati, No. 1:23-CV-112, 2024 WL 37123, at *2 (S.D. Ohio Jan. 3, 2024) ("Here, **at the latest**, Bruce knew, or in the exercise of due diligence should have known, that the home was demolished no later than

2019 when the City started foreclosure proceedings against the Property."); Bruce v. City of Miamisburg, No. 3:21-CV-80, 2023 WL 184010, at *5 (S.D. Ohio Jan. 13, 2023) ("A reasonably diligent person in Bruce's position should certainly have learned that their property had been demolished in the eight or more months between the demolition of the property and the last day Bruce could have discovered his injury under the statute of limitations."), aff'd, No. 23-3080, 2023 WL 6623194 (6th Cir. Oct. 11, 2023), cert. denied, 144 S. Ct. 1118 (2024). The City of Miamisburg court's analysis is particularly relevant here. In that case, Bruce's properties were demolished by July 20, 2018. City of Miamisburg, 2023 WL 184010, at *4. He filed his complaint on March 5, 2021, and, applying Ohio's two-year statute of limitations, the court explained that Bruce's "claim [was] barred unless he did not know or did not have reason to know of his injury before March 5, 2019." Id. The court concluded that Bruce's complaint was untimely, explaining that during the period between July 2018 and March 2019 "it [was] not reasonable for Bruce to have gone at least eight months without realizing two of his building were no longer in existence." Id. The Sixth Circuit affirmed on appeal, observing that:

> a reasonable property owner—one who made any effort at all to stay apprised of his buildings' condition, for example, and to ensure that they remained in compliance with the municipal code—would have known

>     that, for the past six months or so, his buildings had
>     lain in heaps of rubble.

City of Miamisburg, 2023 WL 6623194, at *1. Here, considering Bruce received several notices, had he exercised any level of diligence in the more than two and a half years between September 2019 and April 2022, he would have discovered that his building was gone. Bruce's suggestion that he did not have actual notice of the demolition is also immaterial: "[i]t is settled law that if a reasonable person should have known of the injury, or destruction of [their] property rights, then that suffices for accrual of a [§] 1983 cause of action." City of Maple Heights, 2024 WL 2294779, at *8 (citing Ruff v. Runyon, 258 F.3d 498, 500 (6th Cir. 2001); Kuhnle Bros., 103 F.3d at 520; Boyer v. Clinton Cnty. Sheriff's Off., 645 F. Supp. 3d 815, 824 (S.D. Ohio 2022)). The undersigned also rejects Bruce's invitation to reconsider well-established precedent that state law determines what statute of limitations applies to § 1983 claims.

Thus, the undersigned finds that Bruce's complaint is time-barred and recommends that the City's Motion for Summary Judgment be granted. Because the statute of limitations is dipositive of all of Bruce's claims, the undersigned need not address the City's remaining arguments. See City of Zanesville,

2024 WL 2892571, at *3 (citing City of Miamisburg, 2023 WL 184010, at *3).

### III. RECOMMENDATION

For the above reasons, the undersigned recommends that the City's Motion for Summary Judgment be granted.

Respectfully submitted,

s/Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

April 14, 2025
Date

### NOTICE

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**